**Rosa DURAN, Appellant,**

v.

**TEXAS DEPARTMENT OF PROTEC-
TIVE AND REGULATORY SER-
VICES, Appellee.**

No. 08–04–00068–CV.

Court of Appeals of Texas,
El Paso.

May 5, 2005.

David Biagas, El Paso, for Appellant.

Enrique Lopez, Law Office of Antonio V. Silva, P.C., El Paso, for Appellant Bustos.

Duke Hooten, Appellate Atty., Austin, for Appellee.

Christopher Cox, Jamye Boone Ward, Legal Clinic for the Homeless, El Paso, for Ad Litem Children.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Rosa Duran appeals from a judgment terminating her parental rights. On appeal, Ms. Duran raises two issues. In Issue One, she challenges the trial court's denial of her motion to dismiss the case for lack of jurisdiction. In Issue Two, she challenges the effectiveness of her trial counsel. We affirm.

On July 17, 2002, the Texas Department of Protective and Regulatory Services ("Department") was appointed temporary managing conservator of Ms. Duran's five children. On July 14, 2003, a motion was filed by the Department requesting a new dismissal date of September 1, 2003. Pursuant to Sections 263.401(b)(1) and 263.306(11) of the Texas Family Code, on July 18, 2003, the district court signed an order extending dismissal date to September 1, 2003, and the hearing date to August 25, 2003. *See* Tex.Fam.Code Ann. § 263.401(b)(1), § 263.306(11)(Vernon 2002). On August 29, 2003, a Motion for An Agreed Extension of Dismissal Date was filed requesting an extension of the dismissal date be granted for January 17, 2004. On September 2, 2003, the trial court filed an order extending dismissal and final hearing dates to December 29, 2003 and September 15, 2003, respectively.

On December 1, 2003, the associate judge's report was signed and on December 3, 2003, the district court signed an order adopting the associate judge's report recommending the termination of Ms. Duran's parental rights. On December 5, 2003, Ms. Duran hand-delivered a pro se notice of appeal to this Court. In a letter dated December 8, 2003, we notified Ms. Duran that our Court did not have jurisdiction to file her appeal and that her notice of appeal would be forwarded to the District Clerk of El Paso County. On December 8, 2003, Ms. Duran filed a second notice of appeal, an exact duplicate of the December 5, 2003 notice of appeal. On January 12, 2004, Attorney David Biagas filed an appearance of counsel on Ms. Duran's behalf.

On January 27, 2004, the trial court signed an order setting a hearing for February 12, 2004. The Department filed a Motion to Strike Rosa I. Duran's Notice of Appeal from Associate Judge's Hearing and Motion to Deny Request for Hearing De Novo. It argued that Ms. Duran's notice of appeal was insufficient to invoke the court's jurisdiction.

On February 24, 2004, a hearing was held on Ms. Duran's notice of appeal filed December 5, 2003. At the beginning of the hearing, the Department presented its motion to deny Ms. Duran's request for a hearing de novo. The Department argued that Ms. Duran's notice of appeal did not specify any findings or conclusions that were being objected to, and that such a general notice of appeal failed to confer jurisdiction to the referring court. The trial court agreed with the Department that Ms. Duran's notice of appeal was not specific to confer jurisdiction. On March 10, 2004, Ms. Duran filed a notice of appeal with this Court.

### DISCUSSION

Ms. Duran raises two issue on appeal. In response to both issues, the Department argues that Ms. Duran filed an untimely notice of appeal and therefore failed to invoke this Court's jurisdiction. The Department contends that Ms. Duran filed her notice of appeal with this Court on March 10, 2004. It argues that this was ninety-seven days after the referring court signed the termination order on December 3, 2003, not in compliance with the twenty-day deadline for filing an appeal and the fifteen-day additional grace period for filing an extension of time for filing a notice of appeal.

■ Before addressing Ms. Duran's issues on appeal, we first address the Department's contention that this Court does not have jurisdiction to consider Ms. Du-

ran's appeal. A court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex. 1991). As instructed by the Texas Supreme Court, we liberally construe the rules of appellate procedure to protect a party's right to appeal. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex. 1997). In this case, Ms. Duran hand delivered a notice of appeal with this Court on December 5, 2003 titled Respondent's Notice of Appeal from Associate Judge's Order of Termination. However, upon closer examination of this notice, the appeal was directly from the trial court's adoption of the associate judge's recommendation to terminate parental rights. We construe Ms. Duran's notice of appeal filed on December 5, 2003 as a bona fide attempt to invoke jurisdiction on this Court. Finding that we do have jurisdiction over this appeal, we now address Appellant's Issue One.

■ In Issue One, Appellant challenges the trial court's denial of Appellant's Motion to Dismiss the Case for Lack of Jurisdiction, arguing that the trial court had failed to make a final ruling and order within the time limits set out in the Texas Family Code. Appellant argues that since her case had been pending for over one year, under Section 263.401 of the Texas Family Code, the trial court should have dismissed the case on July 2, 2003. *See* TEX.FAM.CODE ANN. § 263.401. However, since an extension was granted in this case setting the final dismissal date of September 1, 2003, Appellant argues that the trial court could only grant an order terminating the parent-child relationship or dismiss the case by the September 1 date. Appel-

lant challenges the trial court's failure to do so.

Section 263.401 of the Texas Family Code provides that unless the trial court has rendered a final order on the first Monday after the first anniversary of the date the court appointed the Department as temporary managing conservator in a suit affecting the parent-child relationship, the court "shall dismiss" a suit filed by the department that seeks the termination of the parent-child relationship. *See* TEX. FAM.CODE ANN. § 263.401(a). The trial court may extend this deadline for up to 180 days if, by the Monday after the first anniversary date, the court finds that continuing the Department's conservatorship of the child is in the child's best interest and renders an order that complies with Section 263.401(b). *See* Tex.Fam.Code Ann. § 263.401(a), (b). If the trial court grants an extension, but does not render a final order within the 180–day period, it must dismiss the suit. TEX.FAM.CODE ANN. § 263.401(c).

In this case, the trial court acted in accordance with Section 263.401(b) of the Texas Family Code by entering an order on December 5, 2003, terminating Ms. Duran's parental rights. Such action was done within the 180 days extension granted by the trial court in this case. We find no support in the record that the case should have been dismissed on July 2, 2003 as Ms. Duran contends. We further find no support that the trial court should have either entered an order terminating the parent-child relationship or dismissed the case by September 1, 2003. Contrary to Ms. Duran's assertions, we find that the trial court acted within the time limits set out in the Texas Family Code. We overrule Issue One.

■ Ms. Duran was represented by a court-appointed counsel at the trial level. In Issue Two, we understand Ms. Duran's complaint to be that she received ineffective assistance of counsel because of her court-appointed attorney's failure to file a motion for new trial or a notice of appeal.

The Texas Supreme Court has held that the right to effective counsel applies to the statutory right to counsel in parental-rights termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex.2003). The Court also found that the appropriate standard for determining whether counsel is effective should be the same as the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the United State Supreme Court stated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. *Strickland* requires defendant to meet both prongs of the inquiry.

■ In our review, we give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, indulging the possibility that counsel's action are strategic. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Only when the conduct is so outrageous that no competent attorney would have engaged in it is the challenged conduct ineffective assistance. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

In this case, Ms. Duran bears the burden to show that her counsel's performance fell below an objective standard of reasonableness. *See Garcia,* 57 S.W.3d at 440. Ms. Duran argues that her counsel's failure to file a motion for new trial and notice of appeal resulted in ineffective assistance. However, reasonable professional assistance includes the possibility that counsel's decision not to file a motion for new trial or pursue an appeal was because in his professional opinion, he believed that such action was not warranted. As the Court of Criminal Appeals has stated, "[w]hen a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *See Smith v. State,* 17 S.W.3d 660, 662 (Tex.Crim.App.2000). The courts must hold the parent's burden to show that counsel's performance fell below an objective standard of reasonableness. *Garcia,* 57 S.W.3d at 440. Ms. Duran has pointed to no evidence on the record showing the reasons her court-appointed counsel did not file these documents. Instead, the record in this case reflects that Ms. Duran filed a pro se notice of appeal and that such notice was prepared by an attorney. Ms. Duran apparently also hired Mr. Biagas, her current counsel on appeal, to assist with her appeal. Indulging strong presumption that Ms. Duran's counsel's conduct fell within a wide range of professional assistance, we find that Ms. Duran has failed to meet such burden and failed to satisfy the first prong of the *Strickland* test. Accordingly, we overrule Issue Two.

Having overruled both issues on appeal, we affirm the judgment of the trial court.