COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | § | No. 08-06-00247-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 34th Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| JOSE G. GUTIERREZ, | § | |
| | | (TC# 2003-4946) |
| Appellee. | § | |

## **O P I N I O N**

Allstate Property and Casualty Insurance Company ("Allstate") appeals from the judgment ordering it to pay Mr. Gutierrez damages in a breach of contract suit for failing to pay a claim under his uninsured motorist coverage in his policy. We reverse and render that Mr. Gutierrez take nothing in his suit against Allstate.

On November 14, 1999, Mr. Gutierrez was involved in a three-car accident with Mr. Alamo and Ms. Velasquez. Mr. Gutierrez was attempting a u-turn on Paisano Street when the cars struck his van. Mr. Gutierrez subsequently made a claim on his Allstate insurance policy under his uninsured motorist coverage. Allstate denied his claim stating that there was no uninsured motorist coverage for accidents where the policyholder is at fault. On November 12, 2003, Mr. Gutierrez brought suit against Allstate for breach of contract for failing to honor his claim under his uninsured motorist insurance coverage.

During the trial, Allstate introduced evidence through the testimony of Mr. Alamo and Mr. Robertson, a senior claims representative for Allstate, that Mr. Alamo and Ms. Velasquez

had liability insurance at the time of the accident. Mr. Robertson also stated that Allstate determined that Mr. Gutierrez was at fault for the accident, and thus was not covered under his policy for claims involving uninsured motorists.

After the close of evidence, Allstate moved for directed verdict on the basis of the insurance coverage of the other drivers, which was denied. Allstate argued that the plaintiff only pled a breach of contract on the basis of his uninsured motorist coverage, not under-insured coverage, and, in fact, both other drivers had liability insurance. Plaintiff responded that what was pled was breach of contract whether it be uninsured or under-insured coverage, and the only reason for the denial was that Allstate felt Mr. Gutierrez was at fault. The court submitted two questions to the jury on the issues of negligence and damages. The jury found all the drivers negligent allocating 10 percent to Mr. Gutierrez, 50 percent to Mr. Alamo, and 40 percent to Ms. Velasquez. The jury awarded Mr. Gutierrez $2,000 for property damage, $10,000 for past physical pain, and $10,000 for future physical pain.

After the verdict, Allstate moved for entry of judgment based on the evidence of insurance coverage available to the other drivers and the application of Article 5.06-1(5) of the Texas Insurance Code.[1] Mr. Gutierrez responded that Allstate never pled the other drivers had insurance or that it was entitled to an offset because of that insurance coverage, and waived the right to a setoff. Mr. Gutierrez stated that the case was tried as one as to fault, and if he was not at fault then Allstate was liable. Allstate then filed a motion for leave to amend its pleadings, and had a hearing. The trial court reserved ruling on the motion to amend, and the same day entered

---

[1] This article was repealed and is now codified in the Texas Insurance Code effective April 1, 2007. TEX.INS.CODE ANN. § 1952.106 (Vernon pamphlet 2008). We will cite to the codified section.

a judgment on the verdict, but reduced the award to Mr. Gutierrez by 10 percent for his negligence in the accident for a total of $19,800.  Appellant raises four issues on appeal:  (1) whether undisputed evidence of liability insurance available to the other negligent drivers in an accident preclude a breach of contract claim for uninsured motorist coverage; (2) whether the trial court was required to offset Mr. Gutierrez's damages with the amounts recoverable from the liability insurance available to the other drivers; (3) whether the failure of Mr. Gutierrez to introduce the relevant provisions of his Allstate policy preclude his breach of contract claim; and (4) whether the trial court abused its discretion by denying Allstate's motion for leave to amend its answer.

The Texas Rules of Civil Procedure provide:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either in form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits.  The court may grant a postponement to enable the objecting party to meet such evidence.

TEX.R.CIV.P. 66.

Review of a denial of a motion for leave to amend pleadings is done under an abuse of discretion standard.  *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex. 1994).  A reviewing court has no discretion to refuse an amendment unless the opposing party presents evidence of surprise or prejudice or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment.  *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990), *citing Hardin v. Hardin*, 597 S.W.3d

347, 350-51 (Tex. 1980). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Greenhalgh*, 787 S.W.2d at 939. An amendment is mandatory if it is merely procedural in nature such as conforming the pleadings to the evidence at trial. *Stephenson v. LeBoeuf*, 16 S.W.3d 829, 839 (Tex.App.--Houston [14th Dist.] 2000, pet. denied), *citing Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992). An amendment is not mandatory if it changes the nature of the trial. *See Chapin*, 844 S.W.2d at 665. A proposed trial amendment that asserts a new cause of action may be prejudicial on its face, but this does not make it prejudicial as a matter of law. *LeBoeuf*, 16 S.W.3d at 839. The amendment must be evaluated in the context of the entire case. *Id*. To be prejudicial, the amendment must reshape the nature of the trial, the opposing party could not anticipate it in light of the development of the case up to the time the amendment was requested, and the opposing party's presentation of the case would be detrimentally affected by the filing of the amendment. *Id*. In anticipating the amendment, it is not whether the opposing party did anticipate it, but rather whether it could have been anticipated. *Id.* It is well established that a party may amend its pleading after verdict but before judgment. *Greenhalgh*, 787 S.W.2d at 940.

Appellant filed a motion for leave to amend its pleadings to assert the affirmative defense of offset under Article 5.06-1(5) of the Texas Insurance Code and under Rule 93(15) of the Texas Rules of Civil Procedure that Mr. Gutierrez did not perform all conditions precedent as required by the policy. At the hearing, the trial court reserved ruling on the motion, but that same day rendered judgment against Allstate. In doing so, the court implicitly denied Allstate's motion for leave to amend. TEX.R.APP.P. 33.1(a)(2)(A).

In this case, the amendment would conform the defendant's pleadings to the evidence

presented at trial.  During the trial, Mr. Alamo testified that he had a liability insurance policy with Progressive at the time of the accident.  The policy was for the minimum amount required by law.  Ms. Velasquez stated that her mother had full coverage on the car through a policy with Allstate.  Mr. Robertson testified that Ms. Velasquez was covered under her mother's insurance policy with Allstate.  The insurance policy provided $20,000 per person for bodily injury up to $40,000 per occurrence, $15,000 of coverage for property damage, collision, and comprehensive insurance along with uninsured and under-insured coverage for bodily injury and vehicle damage.  Mr. Robertson also stated that the minimum requirement for insurance coverage in 1999 was the same as it is today, $20,000 per person for bodily injury with a $40,000 limit per occurrence and $15,000 for property damage.  Mr. Gutierrez made no objections during the presentation of this evidence.

The amendment would assert a new defense for Allstate, but in looking at the context in which it was raised, the amendment should have been allowed.  It did not reshape the nature of the trial.  No new facts would need to be introduced into evidence.  The amendment would not have affected the presentation of Mr. Gutierrez's case.  His claim for breach of contract would not be changed by allowing the amendment.

Mr. Gutierrez brought suit for breach of contract for denying coverage under his uninsured motorist clause.  In an uninsured insurance claim there is no right to offset; only in an under-insured situation is there a right to offset.  TEX.INS.CODE ANN. §§ 1952.101 - 1952.106 (Vernon pamphlet 2008).  An under-insured claim was never mentioned until the hearing on the motion for directed verdict.  Until that time, there was no reason for Allstate to plead an offset since it was not applicable to an uninsured claim.  The trial court abuses its discretion in refusing

to permit the filing of a trial amendment so as to conform the pleadings to the evidence previously introduced without objection. *See American Produce & Vegetable Co. v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380, 386 (Tex.Civ.App.--Tyler 1976, writ ref'd n.r.e.). Mr. Gutierrez could have anticipated an offset claim when evidence of the insurance policies for the other drivers in the accident was introduced. It is difficult to see how the claim for offset would have changed the nature of the trial. Mr. Gutierrez did not provide evidence of how he would be prejudiced by the amendment.

If issues are tried by implied consent, the filing of trial amendments should be freely permitted. *Shaw v. Tyler Bank & Trust Co.*, 285 S.W.2d 782, 790 (Tex.Civ.App.--Texarkana 1956, writ ref'd n.r.e.). Where there is no specific pleading, but testimony is given without objection, the issue is triable under the Rules of Civil Procedure on the ground of implied consent. *Id*. The issue was tried by consent since there were no objections to the evidence. The trial court should have allowed Allstate to amend its pleadings. We sustain Appellant's fourth issue.

In its second issue, Appellant contends that the court was required to offset Mr. Gutierrez's damages with the amounts recoverable from the liability insurance available to Mr. Alamo and Ms. Velasquez. During the hearing on the motion for directed verdict, Allstate argued that it should have judgment entered in its favor since the evidence showed that the drivers were not uninsured if anything they were only under-insured. Mr. Gutierrez responded that the suit was for breach of contract whether it be uninsured or under-insured. An insured's right to under-insured motorist benefits does not arise until the issue of fault and damages exceeding the negligent party's policy limits are established. *Henson v. So. Farm Bureau*

*Casualty Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000). Recovery from under-insured motorist coverage may be had only for damages sustained in an amount in excess of the total amount of the tortfeasor's liability coverage. *Olivas v. State Farm Mutual Automobile Ins. Co.*, 850 S.W.2d 564, 565 (Tex.App.--El Paso 1993, writ denied). Benefits under an under-insured motorist policy are the actual damages less the amount recovered or recoverable from the negligent party. *Stracener v. United Svcs. Auto. Ass'n*, 777 S.W.2d 378, 380 (Tex. 1989). Having held that the court should have allowed the trial amendment for leave to amend the pleadings, Allstate was entitled to have the damages reduced by the amount of insurance recoverable from the liable drivers. TEX.INS.CODE ANN. § 1952.106. We sustain Appellant's second issue. We decline to reach the remainder of Appellant's issues since sustaining Issues Two and Four are dispositive.

Accordingly, we reverse and render judgment that Mr. Gutierrez take nothing in his suit against Allstate.


October 2, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.