

# NUMBER 13-16-00411-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE HECTOR L. RODRIGUEZ

### On Petition for Writ of Mandamus.

# NUMBER 13-16-00416-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**HECTOR L. RODRIGUEZ,**                           **Appellant,**

**v.**

**TAMARA RODRIGUEZ,**                           **Appellee.**

### On appeal from the County Court at Law No. 8
### of Hidalgo County, Texas.

## MEMORANDUM OPINION ON REHEARING

### Before Justices Rodriguez, Benavides, and Hinojosa[1]
### Memorandum Opinion by Justice Rodriguez[2]

We issued our original memorandum opinion in these cases on October 4, 2016. See In re Rodriguez, No. 13-16-00411-CV, 2016 WL 5846544, at *1 (Tex. App.—Corpus Christi Oct. 4, 2016, orig. proceeding) (mem. op.). Relator Hector L. Rodriguez has filed a motion for rehearing in cause number 13-16-00411-CV. See TEX. R. APP. P. 49.1. We deny the motion for rehearing but withdraw our prior memorandum opinion and judgment and substitute the following memorandum opinion and accompanying judgment in their place.

By petition for writ of mandamus filed in cause number 13-16-00411-CV, relator Hector L. Rodriguez contends that the trial court abused its discretion by striking his amended pleadings and by denying him a jury trial on reasonable attorney's fees.[3] The underlying proceeding is a suit to modify the parent-child relationship that was originally instituted by Hector's ex-wife and real party in interest, Tamara Rodriguez. We conditionally grant the petition for writ of mandamus in part with regard to the amendment of pleadings and deny it in part regarding a jury trial on attorney's fees.

---

[1] The Honorable Gregory T. Perkes, former Justice of this Court, did not participate in this decision because his term of office expired on December 31, 2016. In accordance with the appellate rules, he was replaced on panel by Justice Hinojosa. See TEX. R. APP. P. 41.1(a).

[2] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[3] This original proceeding arises from trial court cause number F-0886-13-8 in the County Court at Law No. 8 of Hidalgo County, Texas, and the respondent is the Honorable Omar Maldonado. See TEX. R. APP. P. 52.2.

By a separate notice of appeal filed in cause number 13-16-00416-CV, Hector seeks to appeal one of the orders that is also at issue in the original proceeding. Having addressed this order by mandamus, we dismiss Hector's appeal as moot.[4]

## I. BACKGROUND

Pursuant to an agreed decree of divorce based on a mediated settlement agreement, Hector and Tamara were appointed joint managing conservators of their two minor children. The divorce decree provided that Hidalgo County would be the primary residence of the children and gave Tamara the exclusive right to designate the children's primary residence within that county.

On March 3, 2015, Tamara filed a petition to modify the parent-child relationship seeking to alter the child support provisions of the mediated settlement agreement and the divorce decree. Her petition stated:

> The circumstances of the children or a person affected by the order have materially and substantially changed since the date of the signing of the mediated settlement agreement on which the order to be modified is based. Since the date of the mediated agreement, and since the date of the decree of divorce, Respondent has failed to expend his time or funds on matters that affect the best interests of the children. Despite having the means and time to vacation with the children, and having set aside time and expended funds to vacation with others, he has not taken his children for a vacation. He has also not supported the children with his time or money in other respects, including not providing support, or assisting in paying for counseling sessions for one of the children, not providing support and assistance for the children in school expenses, other than tuition, nor in the payment of incidental expenses for the children. Respondent's failure to provide for the children in terms of time, activity has required Petitioner to increase her support by spending more of her time with the children and funds on the children, which adversely affects the time Petitioner can devote

---

[4] Hector filed a motion to consolidate the petition for writ of mandamus filed in cause number 13-16-00411-CV and the appeal filed in cause number 13-16-00416-CV. Tamara opposed this motion and filed a response in opposition. The Court, having examined and fully considered the opposed motion to consolidate and the response thereto, grants the motion to consolidate and issues this opinion in both causes.

to her employment, which adversely affects her income. While at the same time Respondent's income has increased dramatically.

> At the time . . . the agreement between the parties was reached, the child support amount was based upon an anticipation that Respondent would spend more time with and resources on the children, and that the parties' income would be approximately equivalent. Based upon these considerations, no child support payments were previously ordered other than those related to health insurance and medical expenses. The absence of support payments as previously ordered are not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code, and the requested increase would be in the best interest of the children. Petitioner requests that any increase be made retroactive to the earlier of the time of service of citation on Respondent or the appearance of Respondent in this modification action. The requested modification is in the best interest of the children.

Tamara also asked for attorney's fees, expenses, costs, and interest.

On March 25, 2015, Hector filed an original answer generally denying Tamara's allegations, seeking "general relief," and requesting attorney's fees, expenses, costs, and interest.

On or about January 7, 2016, Tamara filed a first amended petition to modify the parent-child relationship which generally reiterated her previous allegations and further asserted that Hector allowed the health insurance for the children to lapse. Tamara also alleged:

> Petitioner requests that the powers of the parent be modified granting to Petitioner sole managing conservatorship and the exclusive right to designate the primary residence of the children, without regard to any geographic restriction.

> Petitioner requests that the terms and conditions for access to or possession of the children be modified.

> The requested modification is in the best interest of the children.

4

Tamara asserted that "educational, medical and developmental conditions of the children have arisen, the evaluation and treatment for which [Hector] has ignored and obstructed." She therefore "requested the modification of custody set out above, which supports an order for the award of child support."

On January 12, 2016, the trial court entered a docket control order which set the case for trial on April 11, 2016. The order stated that the "case shall be tried by a jury if there are any issues to which a party has the right to a determination by a jury trial," but provided that the case would be tried to the bench if "there are no issues that are required to be submitted to a jury." The docket control order set a mandatory status conference for March 9, 2016, a pretrial conference for April 7, 2016, and a mandatory mediation deadline of thirty days before trial. The order stated that "[a]ll deadlines shall be pursuant to the Texas Rules of Civil Procedure unless otherwise agreed to."

On February 17, 2016, Hector requested a jury trial.

On March 21, 2016, Tamara filed a second amended petition to modify the parent-child relationship. She essentially reiterated all of her previous allegations, but deleted her request to grant her sole managing conservatorship and the exclusive right to designate the primary residence of the children without regard to any geographic restriction. She continued to request "that the terms and conditions for access to or possession of the children be modified."

On March 31, 2016, Hector filed a first supplemental original answer and counter petition to modify the parent-child relationship. Hector sought to prevent the children from associating with a specific individual and requested that he have the exclusive right to

5

designate the primary residence of the children, and that any such designation be with a geographic restriction to Hidalgo County:

> Counter-Petitioner would show unto the Court and jury that, should a jury or the Court determine that the circumstances of the children or a person affected by the prior Agreed Final Decree of Divorce which was entered on May 16, 2014 have materially and substantially changed since the date of the signing of the Agreed Final Decree of Divorce, which Respondent continues to deny as to the support of the children, then in that event Counter-Petitioner would show unto the Court and jury that the conservatorship, possession, and access of the children by Counter-Respondent should be modified such that, to protect the mental health and welfare of the children, Counter-Respondent be prohibited from, during Counter-Respondent's periods of possession of the children, associating with, traveling with, or otherwise allowing the children to come in personal contact with, Mr. Alexander Cook. While Counter-Petitioner does not believe the children the subject of this suit will be materially harmed or injured by Counter-Respondent continuing to associate with, date, communicate with, or engage in other activities with, Mr. Alexander Cook, such conduct should not occur while Counter-Respondent has possession of the children, as it would most likely lead to devastating results for the children or one of the children.

> Additionally, Counter-Petitioner would show unto the Court and jury that, should a jury or the Court determine that the circumstances of the children or a person affected by the prior Agreed Final Decree of Divorce which was entered on May 16, 2014 have materially and substantially changed as to the conservatorship, possession, and access of the children by Counter-Respondent since the date of the signing of the Agreed Final Decree of Divorce, Counter-Petitioner additionally requests that he be designated the joint managing conservator with the exclusive right to designate the primary residence of the children, and that any such designation be with a geographic restriction to within Hidalgo County, Texas.

On April 4, 2016, Tamara filed a motion to strike Hector's first supplemental original answer and counter petition. She asserted that Hector was requesting modification of conservatorship, possession, and access "for the first time." She stated that his previous pleadings alleged that there had been no material and substantial change in circumstances to warrant a modification, but "on the eve of trial," he had "taken the

6

position that if there has been a material and substantial change in circumstances, such a material and substantial change would support his requested modification rather than [Tamara's] requested modification." Tamara asserted that she had not been able to conduct discovery as to the requested modification or the "injunction" regarding Cook. She requested a continuance of trial in the event that the trial court did not strike the counter petition so that she could conduct discovery as to the "new claim for affirmative relief."

On April 8, 2016, in a separate cause number, F-0886-13-8, Hector filed a petition to modify the parent child relationship. His allegations in this new and separate cause mirror the allegations previously made in his counter petition in this case. Hector alleged that the circumstances of the children had materially and substantially changed as to Tamara's actions in "intentionally bringing the children around [Cook]," and he sought to prevent the children from associating with Cook. Hector further asserted that a material and substantial change in circumstances had occurred:

> As a result of [Tamara's] changed position on the residency of the children, including statements that she wishes to move the children out of the Rio Grande Valley; as a result of her filing pleadings asking the Court and jury to allow the geographic restriction to be lifted; and as a result of the children's counselor testifying that such move would not be in the children's best interest; Petitioner additionally requests that he be designated the joint managing conservator with the exclusive right to designate the primary residence of the children, and that any such designation be with a geographic restriction to within Hidalgo County, Texas.

Hector requested attorney's fees, expenses, costs, and interest.

On April 12, 2016, trial began. That day, the trial court refused to allow Hector's claims to be tried with Tamara's claims. By verbal ruling the trial court stated, "Court's going to go ahead and make a finding that the pleadings do, in fact, serve as surprise.

7

That'll be the finding of the Court, so your motion to strike is granted." During the trial, the court ordered a social study and abated the case to allow the study to take place. Hector moved for a mistrial and moved to consolidate the proceedings. He also sought to stay the trial and sought an emergency continuance to conduct discovery and appoint an expert in rebuttal to the social study. The trial court denied these requests.

This original proceeding ensued. By one issue with multiple sub-parts, Hector contends that the trial court abused its discretion and Hector's appellate remedy is inadequate. More specifically, Hector contends (1) the trial court abused its discretion by striking Hector's counter claim where the counter claim was filed more than seven days before trial, and there could be no surprise or prejudice; (2) the trial court should have ordered a continuance instead of striking Hector's counter claim, and after the trial court later abated the case to conduct a social study, the trial court should have granted a mistrial and allowed discovery to cure Tamara's claim of surprise and prejudice; (3) the trial court abused its discretion by later striking Hector's separate lawsuit and denying his request to consolidate the two proceedings where the reasoning stated in its orders is logically inconsistent; (4) the trial court abused its discretion by denying Hector's right to a jury trial on the reasonableness of attorney fees; and (5) Hector lacks an adequate remedy by appeal.[5] Through a motion for emergency temporary relief, Hector sought to stay the trial of this matter pending resolution of this original proceeding.

---

[5] Specifically, Hector's petition for writ of mandamus requests relief from the trial court's (1) April 12, 2016 ruling striking Hector's counter claim for modification of the parties' divorce decree and denying his request for a jury trial on attorney fees; (2) June 21, 2016 orders denying Hector's motion to consolidate and for a mistrial, and (3) July 1, 2016 order striking Hector's original petition for modification of the divorce decree.

8

This Court granted a stay of the proceedings below and requested and received Tamara's response to the petition for writ of mandamus. Tamara objected to Hector's statement of facts and asserted that he has failed to present a sufficient record. Tamara contends that the trial court did not abuse its discretion in making the foregoing rulings and that Hector possesses an adequate remedy by appeal to address any alleged error. This Court has received supplemental record materials as well as Hector's reply to Tamara's response.

## II. MANDAMUS

To be entitled to mandamus relief, the relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re M-I L.L.C.*, No. 14-1045, 2016 WL 2981342, at *2, __ S.W.3d __, __ (Tex. May 20, 2016) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

An improper order prohibiting a party from amending a pleading may be set aside by mandamus when a party's ability to present a viable claim or defense at trial is vitiated or severely compromised. *In re City of Dallas*, 445 S.W.3d 456, 462–64 (Tex. App.—

9

Dallas 2014, orig. proceeding). In considering whether mandamus is appropriate regarding the denial of amended pleadings, we consider the timing of the filing of the proposed amended pleading and the procedural posture of the case at the time the motion for leave to amend is filed. *See id.* In cases where discovery is complete, the trial court has conducted a significant portion of the trial, disposing of a substantial portion of the case as a result, and only few substantive issues remain pending, mandamus review of interlocutory trial court rulings may actually defeat the goal of judicial economy and efficient resolution of disputes. *Id.*; *see In re McAllen Med. Ctr.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). "In circumstances where the petition for writ of mandamus frustrates, rather than enhances, the efficient resolution of the case as a whole, the appropriate channel for review of a trial court's order regarding amendment of pleadings is by appeal." *In re City of Dallas*, 445 S.W.3d at 462–64.

The denial of a trial by jury is reviewable by mandamus. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 139; *In re Baker*, No. 14-16-00101-CV, 2016 WL 2605766, at *3, __ S.W.3d at __, __ (Tex. App.—Houston [14th Dist.] May 5, 2016, orig. proceeding). In addition, as our sister courts have explained, an appeal is particularly inadequate to remedy the denial of a jury trial in cases involving child custody issues. *See In re Baker*, 2016 WL 2605766, at *3; *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). While an order denying a request for a jury trial could be remedied on appeal following a bench trial and final judgment, an appeal from a bench trial would be inadequate where both parties would be required to endure a trial and its attendant expenses for naught, and more importantly, the child affected by the underlying case should not suffer the delay of a second trial before parental rights and obligations

10

can be established. *See In re Reiter*, 404 S.W.3d at 611. "Justice demands a speedy resolution of child custody and child support issues." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding). These principles apply here because the issues to be tried include access, possession, and support of the parties' children. *See In re Baker*, 2016 WL 2605766, at *3; *In re Reiter*, 404 S.W.3d at 611.

### III. AMENDMENT OF PLEADINGS

By his first three sub-issues, Hector complains generally about the trial court's refusal to allow him to amend his pleadings. The "well-settled policy underlying the practice of amending pleadings" is one that recognizes that litigants enjoy a "liberal right" to modify their averments at will. *In re Trident Steel Corp.*, 424 S.W.3d 126, 130 (Tex. App.—Amarillo 2014, no pet.); *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 (Tex. App.—Dallas 2003, no pet.). Thus, a party generally has a right to amend its pleadings freely. *In re City of Dallas*, 445 S.W.3d at 462–64. However, this liberal right to amend pleadings must be balanced against the right of the trial court to control its docket in a manner that permits the efficient administration of justice. *See id.* A trial court has broad discretion to manage its docket, and we will not interfere with a trial court's exercise of its discretion absent a showing of clear abuse. *Bagwell v. Ridge at Alta Vista Invs.I, L.L.C.*, 440 S.W.3d 287, 292 (Tex. App.—Dallas 2014, pet. denied).

Texas Rule of Civil Procedure 63 provides that parties may amend their pleadings "as they may desire . . . at such time as not to operate as a surprise to the opposite party; provided, that . . . within seven days of the date of trial or thereafter" any pleading amendments may be filed only with prior leave of court, "which leave shall be granted" unless the opposing party makes a showing of surprise. TEX. R. CIV. P. 63. Rule 63 is to

11

be "liberally construed." *Lee v. Key W. Towers, Inc.*, 783 S.W.2d 586, 588 (Tex. 1989). Only when amendment is sought within seven days of trial or after such time as may be ordered by the judge under a scheduling order need the litigant obtain leave of the court. *In re Trident Steel Corp.*, 424 S.W.3d at 130; *see* TEX. R. CIV. P. 63. And, even then, leave must be granted unless "there is a showing that such filing will operate as a surprise to the opposite party." TEX. R. CIV. P. 63.

A trial court has no discretion to refuse an amendment unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex. 1994); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990); *In re City of Dallas*, 445 S.W.3d at 462–64; *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 64 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Gunn v. Fuqua*, 397 S.W.3d 358, 377 (Tex. App.—Dallas 2013, pet. denied); *Rodriguez v. Crowell*, 319 S.W.3d 751, 758–59 (Tex. App.—El Paso 2009, pet. denied); *Hakemy Bros., Ltd. v. State Bank & Trust Co., Dallas*, 189 S.W.3d 920, 924 (Tex. App.—Dallas 2006, pet. denied). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Greenhalgh*, 787 S.W.2d at 939; *Kilpatrick*, 874 S.W.2d at 658; *First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 146 (Tex. App.—El Paso 2011, no pet.); *Rodriguez*, 319 S.W.3d at 758–59; *Hakemy Bros., Ltd.*, 189 S.W.3d at 924.

An amendment that is of a "formal, procedural nature" typically will not result in surprise or prejudice, and thus a need to allow additional time for trial preparation, and should be allowed in most circumstances. *See Chapin & Chapin, Inc. v. Tex. Sand &*

12

*Gravel Co., Inc.*, 844 S.W.2d 664, 665 (Tex. 1992); *In re City of Dallas*, 445 S.W.3d at 462–64. Examples of procedural amendments include matters such as increasing the ad damnum to conform to the evidence introduced without objection at trial or substituting a verified denial for an unverified denial. *See Chapin & Chapin, Inc.*, 844 S.W.2d at 665; *In re City of Dallas*, 445 S.W.3d at 462–64.

While the assertion of a new cause of action may be prejudicial on its face, it is not automatically prejudicial as a matter of law. *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 64; *Rodriguez*, 319 S.W.3d at 758–59; *LeBoeuf*, 16 S.W.3d at 839. An amendment is prejudicial if: (1) it asserts a new substantive matter that reshapes the nature of the trial itself; (2) the opposing party could not have anticipated it in light of the development of the case up to the time the amendment was requested; and (3) the opposing party's presentation of its case would be detrimentally affected by the amendment. *In re City of Dallas*, 445 S.W.3d at 462–64; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 64–65; *Rodriguez*, 319 S.W.3d at 758–59. Even additional, separately stated causes of action may not constitute new subject matter if the added claims have common elements with claims previously asserted and require the same evidentiary proof required to support an already pleaded claim or defense. *In re City of Dallas*, 445 S.W.3d at 462–64; *Rodriguez*, 319 S.W.3d at 758–59. The question is not whether the opposing party did in fact anticipate the amended pleading, but rather whether it could have been anticipated. *Rodriguez*, 319 S.W.3d at 758–59; *Allstate Prop. & Cas. Ins. Co. v. Gutierrez*, 281 S.W.3d 535, 539 (Tex. App.—El Paso 2008, no pet.); *Whole Foods Mkt. Sw., L.P. v. Tijerina*, 979 S.W.2d 768, 777 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

We review a trial court's decision to grant or strike a pleading amendment for an abuse of discretion. *Kilpatrick*, 874 S.W.2d at 658; *Greenhalgh*, 787 S.W.2d at 939–40; *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 837 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Rodriguez*, 319 S.W.3d at 758–59. A trial court's decision on a motion for leave to amend pleadings must be evaluated in the context of the entire case, and the potential for delay in the ultimate disposition of a case caused by a proposed amendment may be considered in determining whether the trial court has abused its discretion. *In re City of Dallas*, 445 S.W.3d at 463; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 64; *Rodriguez*, 319 S.W.3d at 758–59. On review, the party complaining of the court's ruling bears the burden of demonstrating that the trial court erred. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980); *Ginn*, 472 S.W.3d at 838. We note, generally, that "[a]ppellate courts rarely find an abuse of discretion when a trial court refuses to strike an amended pleading filed more than seven days before trial." *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 555 (Tex. App.—Dallas 2009, pet. denied).

In this case, Hector's counter petition was filed more than seven days before trial and the trial court had not issued a scheduling order pertaining to the amendment of pleadings, thus, no leave of court was necessary under Rule 63 or otherwise. *See* TEX. R. CIV. P. 63. Thus, the trial court was required to allow the amendment unless Tamara showed that it operated to surprise her. *See id.* Tamara asserts that: Hector's counter petition asserted a new cause of action and is prejudicial on its face; no discovery took place on his claims for affirmative relief; a brief continuance would not cure surprise and prejudice, and the trial court modified the docket control order to allow discovery as to the social study.

We disagree with Tamara's assertion that Hector's counter petition presents a new and patently surprising claim. Hector's counter petition addressed the same central issue as Tamara's petition—the child's best interest. If Hector had simply filed a general denial, it would have entailed substantially the same evidence and argument. Reviewing the pleadings in detail, Tamara instituted the underlying lawsuit in March of 2015 on the premise that the circumstances of the parties had materially and substantially changed and modification of the original decree—to increase her child support—would be in the children's best interest. In January 2016 in her amended petition, she reiterated that the circumstances had materially and substantially changed and modification of the original decree—with regard to her request for (1) increased support, (2) sole managing conservatorship and the exclusive right to designate the primary residence of the children, without regard to any geographic restriction, and (3) modification of the terms and conditions for access to or possession of the children—would be in the children's best interest. Two months later and three weeks prior to the beginning of trial, Tamara again amended her petition, essentially reiterated all of her previous allegations, but deleting the request to grant her sole managing conservatorship and the exclusive right to designate the primary residence of the children. Consistently maintaining that the circumstances of the parties had materially and substantially changed and modification of the original decree would be in the children's best interest, she continued to request "that the terms and conditions for access to or possession of the children be modified."

Hector's counter petition, filed ten days after Tamara's second amended petition and twelve days before trial, asserted that if a jury determined that circumstances had materially and substantially changed, then "conservatorship, possession, and access of

15

the children" should be modified to protect the mental health and welfare of the children. He further sought to be designated as the joint managing conservator with the exclusive right to designate the primary residence of the children, and that any such designation be with a geographic restriction to within Hidalgo County, Texas.

All pleadings filed in this case from its inception concern whether or not the circumstances of the parties have materially and substantially changed and modification of the original decree would be in the best interests of the children. *See* TEX. FAM. CODE ANN. § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."); § 156.101 ("The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and . . . the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed . . . ."); § 156.401(a)(1) (providing for the modification of child support where "the circumstances of the child or a person affected by the order have materially and substantially changed"); *see also In re J.R.D.*, 169 S.W.3d 740, 742 (Tex. App.—Austin 2005, pet. denied) ("The party moving for modification has the burden of proving the occurrence of 'material and substantial change.'"). The fundamental issue in this suit, no matter how it is pleaded, is the childrens' best interest. *See* TEX. FAM. CODE ANN. § 153.002; *In re Lee*, 411 S.W.3d 445, 454 (Tex. 2013).

Based on the foregoing and considering the context of the entire litigation, Hector's counter petition does not assert a new substantive matter that reshapes the nature of the

16

trial itself.  *See In re City of Dallas*, 445 S.W.3d at 462–64 *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 64–65; *Rodriguez*, 319 S.W.3d at 758–59*; see also In re E.W.A*., No. 2-07-135-CV, 2008 WL 1867144, at *7 (Tex. App.—Fort Worth Apr. 24, 2008, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion in allowing amended pleadings with additional rationales for the termination of parental rights where the parent's "only defense to the termination of his rights with regard to E.A. was the issue of E.A.'s best interest—an issue for which the parties were presumably prepared").  Even if we were to consider Hector's counter petition as including additional, separately stated causes of action, the counter petition does not incorporate new subject matter because the added claims have common elements with claims previously asserted and require the same evidentiary proof required to support Tamara's already pleaded claims or defenses. *See In re City of Dallas*, 445 S.W.3d at 462–64; *Rodriguez*, 319 S.W.3d at 758–59. Moreover, Tamara could have anticipated Hector's amended pleadings in light of the development of the case up to the time the amendment was requested.  *See Rodriguez*, 319 S.W.3d at 758–59; *Allstate Prop. & Cas.*, 281 S.W.3d at 539.

Based on the foregoing, we conclude that the trial court abused its discretion in refusing to allow Hector to amend his pleadings.  We sustain Hector's first three sub-issues to that effect.

### IV. JURY TRIAL

In his fourth sub-issue, Hector alleges that the trial court abused its discretion in refusing to allow him a jury trial regarding the reasonableness of attorney's fees.  Section 105.002 of the Texas Family Code delineates the right to a trial by jury in family law cases. TEX. FAM. CODE ANN. § 105.002 (West, Westlaw through 2015 R.S.).  Under this section,

"a party is entitled to a verdict by the jury and the court may not contravene a jury verdict"

on the following issues:

> (A)    the appointment of a sole managing conservator;
>
> (B)    the appointment of joint managing conservators;
>
> (C)    the appointment of a possessory conservator;
>
> (D)    the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child;
>
> (E)    the determination of whether to impose a restriction on the geographic area in which a joint managing conservator may designate the child's primary residence; and
>
> (F)    if a restriction described by Paragraph (E) is imposed, the determination of the geographic area within which the joint managing conservator must designate the child's primary residence.

*Id.* §105.002(c)(1).  In contrast, this section provides that issues pertaining to child support may not be submitted to a jury.  *See id.* § 105.002(c)(2); *see also Ayala v. Apodaca*, No. 07-14-00295-CV, 2016 WL 3965396, at *3, __ S.W.3d __, __ (Tex. App.—Amarillo July 18, 2016, no. pet.).  Further, issues regarding a "specific term or condition of possession of or access to the child" or "any right or duty of a conservator, other than the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child" may be not submitted to the jury.  *See* TEX. FAM. CODE ANN. § 105.002(c)(2).  Finally, issues pertaining to attorney's fees that are submitted to a jury are merely advisory.  *Satterfield v. Huff*, 768 S.W.2d 839, 841 (Tex. App.—Austin 1989, writ denied) (construing former version of the statute); *Havis v. Havis*, 657 S.W.2d

18

921, 923 (Tex. App.—Corpus Christi 1983, writ dism'd) (same); *Killpack v. Killpack*, 616 S.W.2d 434 (Tex. Civ. App.—Fort Worth 1981, writ ref'd n.r.e.) (same).[6]

To the extent that Hector asserts that he is entitled to a jury trial on the reasonableness of attorney's fees, we disagree. The Texas Family Code, within the context of a modification suit, identifies those issues that a jury must decide, those a jury may decide, and those it may not decide. TEX. FAM. CODE ANN. § 105.002. Attorney's fees are found in none of these provisions. *See id.*; *see also McInnes v. Fife*, No. 14-00-00201-CV, 2001 WL 777078, at *1 (Tex. App.—Houston [14th Dist.] July 12, 2001, no pet.) (mem. op.). Accordingly, we overrule Hector's fourth sub-issue insofar as it asserts a right to a jury trial on attorney's fees. However, we note that Hector's amended pleadings invoke other issues which Hector would be entitled to submit to a jury, such as issues pertaining to modification of conservatorship and the imposition of a geographic restriction on the child's residence. *See* TEX. FAM. CODE ANN. § 105.002(c)(1)(D)-(E). Hector is entitled to a jury trial on these issues and all others delineated by Texas Family Code section 105.002(c)(1). *See generally id.* § 105.002(c)(1).

## V. ADEQUACY OF REMEDY BY APPEAL

We have sustained Hector's first three sub-issues alleging generally that the trial court abused its discretion in refusing to allow him to amend his pleadings. We conclude that the trial court's order vitiated or severely compromised Hector's ability to present his claims and defenses at trial with regard to whether the circumstances of the parties have materially and substantially changed and modification of the original decree would be in

---

[6] The Texas Supreme Court discussed the former statute's distinction between binding and advisory jury verdicts and the Legislature's amendment to this section to clarify which issues a jury may decide in a suit affecting the parent-child relationship. *See Lenz v. Lenz*, 79 S.W.3d 10, 20 (Tex. 2002).

19

the best interests of the children. Accordingly, the trial court's refusal to allow Hector to amend his pleadings may be set aside by mandamus. *See In re City of Dallas*, 445 S.W.3d at 462–64. Further, considering that Hector's request to amend his pleadings was timely, the trial of this matter has been abated to allow for a social study and related discovery, and the main substantive issues remain pending in this case, mandamus review will promote the goal of judicial economy and the efficient resolution of this dispute. *See id.*; *see also In re McAllen Med. Ctr.*, 275 S.W.3d at 465. We thus conclude that Hector lacks an adequate remedy by appeal and mandamus is available to remedy the trial court's error. *See In re City of Dallas*, 445 S.W.3d at 462–64. We sustain Hector's fifth issue.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Hector has shown himself entitled to part of the relief sought. Accordingly, we lift the stay previously imposed in this cause. We conditionally grant mandamus relief, in part, insofar as we direct the trial court to allow Hector to amend his pleadings. Our writ will issue only in the event that the trial court fails to comply. All other relief sought in the original proceeding is denied. We dismiss Hector's appeal as moot.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
27th day of January, 2017.

20