Thomas E. HARDING, Appellant,

v.

Marjorie HARDING, Appellee.

No. 15083.

Court of Civil Appeals of Texas, San Antonio.

Sept. 6, 1972.

Rehearing Denied Oct. 4, 1972.

Sidney Callender, San Antonio, for appellant.

Moursund, Ball & Young, Forrest Bennett, San Antonio, for appellee.

KLINGEMAN, Justice.

This is the second appeal of this case. See Harding v. Harding, 461 S.W.2d 235 (1970). In the original appeal Thomas E. Harding (plaintiff) appealed from those portions of a divorce decree setting aside the property settlement agreement executed by Thomas E. Harding and his wife, Marjorie Harding, adjudicating the property rights of the parties, and awarding defendant, Marjorie Harding, the sum of $9,000 as attorneys' fees. A jury was waived in the original trial and trial was by the court.

This Court on the previous appeal affirmed all parts of such judgment except that portion pertaining to attorneys' fees. With regard to attorneys' fees, this Court held there was no evidence in the record to support the award to defendant of $9,000

as attorneys' fees, the opinion stating: "The portion of the judgment awarding defendant $9,000.00 as attorneys' fees is severed and that aspect of the case is remanded to the trial court for a new trial. In all other respects the judgment appealed from is affirmed." 461 S.W.2d at 237.

On the appeal now before us, appellant, Thomas E. Harding, timely made demand for a jury and timely paid the required jury fees. Appellant's demand for a jury was denied,[1] and after a non-jury hearing, the trial court awarded attorneys' fees in the amount of $9,000 to appellee, Marjorie Harding.

Appellant's sole point of error is that the trial court erred in denying him a jury trial on the contested fact issue of attorneys' fees.

■ We first consider appellee's counter-point that the trial court did not err in denying appellant a jury trial in that he had stipulated that the question of attorneys' fees would be submitted to the court.

In order to properly review such counter-point, a brief résumé of the background of the original divorce proceedings is appropriate. Prior to the filing of the original suit for divorce, plaintiff and defendant entered into a division, partition and settlement of property rights by an instrument in writing dated June 28, 1968, and plaintiff alleged in his petition for divorce that such agreement completely settled and partitioned all of the property and property rights of the parties, attached a copy of such agreement to his petition, and asked the court to approve and confirm said agreement. The defendant, Marjorie Harding, by way of answer, filed a general denial and also filed a cross-action in which she alleged that said property settlement was obtained through force, coercion and fraud, and asked that said partition settlement be set aside and cancelled.

It appears from the stipulation here involved that at, and prior to, the trial of the divorce suit, the parties were attempting to settle this property dispute, and the stipulation provides, among other things: "For the purpose of providing a means by which the parties may determine the extent to which all issues presented in the above cause by the pleadings now on file may be adjusted and satisfied, without requiring hearing before the Court, the following agreement between Counsel of the parties, respectively, is made to be filed with the papers in the cause but not to be considered as an admission or as evidence against either party, in the event the settlement attempt is not completed, and in the event it is not completed as to some, it will not be used by either party as to such issues as are not settled hereunder."

With regard to attorneys' fees, such stipulation contains this provision: "(e) Plaintiff accepts the responsibility when final Judgment is made, signed and entered, of settling with defendant's Attorneys. The amount contemplated at this time has been discussed by the attorneys and such figure will be the amount of the settlement, with the understanding that either defendant or plaintiff may carry this matter to the Court for determination, if the agreement therefor is not mutual at the time of final Judgment."

In view of the fact that such settlement was not consummated, and the fact that ultimately the property settlement of June 28, 1968, was set aside, we hold that such stipulation did not bar plaintiff, Thomas E.

1. The judgment before us contains this provision: "Whereupon, the Plaintiff, THOMAS HARDING, demanded a jury trial; however, the Court finds that the said THOMAS HARDING, by written stipulation filed in the original trial of this cause and at that time and before the appeal, agreed to submit the question of attorneys' fees to the Court in the event no agreement was reached on said question of attorneys' fees between the parties hereto. The Court now finds that THOMAS HARDING has waived a jury trial and that he is not entitled to a trial by a jury on the matter of attorneys' fees and the Court finds that he should now be denied the right to a jury trial; . . . ."

Harding, from the right to a trial by jury on the matter of attorney's fees.

■ The basic question before us is whether appellant, by waiving a jury trial in the original trial, also waived the right to a trial by jury on matters to be decided on a partial remand of said cause. We have not been cited any cases, nor have we found any Texas cases on this precise question; and as far as we can ascertain, this is a case of first impression on this precise point.

■ The waiver of a jury on one trial generally does not affect the right of either of the parties to demand a jury on the second trial, and the majority view over the United States is to the effect that a party is entitled to a jury if the entire case is reversed, even if a jury trial has been waived on the original trial. In a leading text, it is stated that according to the weight of authority, the rule is that, unless otherwise provided by statute, the waiver of a jury on one trial is expended by that trial and does not affect the right of either party to demand a jury on the second trial after a case is remanded from an appellate court. 50 C.J.S. Juries, Operation and Effect of Waiver § 111, p. 824. See Northern Pacific Railway Co. v. Van Dusen Harrington Company, 34 F.2d 786 (D. Minn.1929); F. M. Davies & Co. v. Porter, 248 F. 397 (8th Cir. 1918); Burnham v. North Chicago St. Ry. Co., 88 F. 627 (7th Cir. 1898); People ex rel. Shake v. Lord, 315 Ill. 603, 146 N.E. 506 (1925); Stepp v. Stepp, 11 Tenn.App. 578; Cole,

The Effect of a Waiver to the Right of Trial by Jury on a Subsequent Trial, 9 S. W.Law Journal 133 (1955).

There is a minority view to the effect that once a party has waived a right to a jury trial, he cannot retract such waiver after reversal of the trial court by the appellate court. The waiver remains good during the life of the litigation. Laventhall v. Fireman's Ins. Co. of Newark, 266 App.Div. 756, 41 N.Y.S.2d 302 (1943).

In the only Texas case we have been able to find on this question, Texas followed the majority view. Dunlap v. Brooks & Case, 3 Willson Civ.Cas.Ct.App. § 357, p. 425 (Tex.Ct. of App.1888). In that case it was held that because of the strict constitutional and statutory provisions, the right of a trial by jury shall remain inviolate, and the right to a jury would not be affected by a prior waiver.

It is appellee's contention that the rule is otherwise as to partial remands and cites three cases in support of this contention: Spaulding v. Cameron, 127 Cal.App.2d 698, 274 P.2d 177 (1954); Raleigh Banking & Trust Co. v. Safety Transit Lines, Inc., 200 N.C. 415, 157 S.E. 62 (1931); and Park v. Mighell, 7 Wash. 304, 35 P. 63 (1893).

We do not regard these cases as necessarily controlling in Texas. The particular question involved in these cases was as to the effect of a prior jury waiver if the appellate court only remanded the case to the trial court in order that it might determine other facts necessary to the disposition of the case.[2]

2. (a) In Spaulding v. Cameron, supra, the trial court had awarded damages for future injury and also granted injunctive relief. The Supreme Court remanded the case with instructions to determine on the basis of evidence previously presented and such additional evidence as may be presented by the parties whether or not the nuisance was in fact permanent.

(b) In Park v. Mighell, supra, it was held that a jury trial having once been waived, a party cannot demand a jury trial when a judgment on the report has been reversed for failure of the referee to state items allowed and disallowed, and the case re-referred for that purpose.

(c) In Raleigh Banking & Trust Co. v. Safety Transit Lines, Inc., supra, the Court said: "The hearing by Judge Daniels was for the purpose of finding additional facts, in accordance with the direction of this court. The waiver of a jury trial at the first hearing continued in force until the final determination of all matters involved in the proceeding." 157 S.E. at 64.

Sound arguments can be made in support of either view. We think the better view to be that on a trial after a partial remand, the right to trial by jury would not be affected by a prior jury waiver.[3]

The judgment of the trial court is reversed and remanded.

3. A number of reasons can be advanced for the adoption of this view in Texas:

(a) Our constitutional and statutory provisions in this State have been very zealous in preserving the right of trial by jury. Article I, Section 15, Texas Constitution, Vernon's Ann.St., provides that the right of trial by jury shall remain inviolate, and that the Legislature shall pass such laws as may be needed to regulate the same and to maintain its purity and efficiency. Article V, Section 10, of the Constitution, provides that in the trial of all cases in the district court, the plaintiff and defendant shall, upon application made in open court, have the right of trial by jury. The Texas courts have given a strict interpretation of these provisions and hold that once a party timely demands a jury and pays the correct jury fee, his right to a trial by jury becomes fixed. First Bankers Ins. Co. v. Lockwood, 417 S.W.2d 738 (Tex.Civ.App.—Amarillo 1967, no writ); Jerrell v. Jerrell, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ); Meyer v. Henery, 400 S.W.2d 933 (Tex.Civ.App.—Austin 1966, no writ); Barker v. Kidd, 357 S.W.2d 490 (Tex.Civ.App.—Austin 1962, no writ); Redden v. Hickey, 308 S.W.2d 225 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.).

(b) The adoption of this view would make the Texas rule on partial remands the same as and uniform with the Texas view where the entire case has been reversed.

(c) In numerous cases involving a partial remand, the case is remanded on a number of issues and a party should not be deprived of a jury trial on these various issues merely because he waived a jury trial on the original trial.