**Petition for Writ of Mandamus Granted and Opinion filed May 5, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00101-CV

---

### IN RE SARAH LANSDEN BAKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-38473**

---

## OPINION

On February 10, 2016, relator Sarah Lansden Baker filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks us to compel the Honorable Judy Warne, presiding judge of the 257th District Court of Harris County, to vacate her January 6, 2016 "Order Denying Request for Jury Trial and Overruling Objection to Referral of Final Trial to Associate Judge." Because relator's consent to the original bench trial

before the associate judge did not survive our partial reversal and remand, we conditionally grant the writ.

## BACKGROUND

In July 2012, Sarah filed suit for divorce from Mark Mitchell Baker and conservatorship of the parties' children, and additionally asserted claims for assault, battery, terroristic threats, and intentional infliction of emotional distress against Mark. The parties, through their counsel, signed a waiver of any objection to the associate judge of the court hearing the trial scheduled for June 5, 6, and 7, 2013. The waiver was filed with the court on January 30, 2013. The case was tried by Associate Judge Deborah Patterson. A reformed final decree of divorce was signed December 18, 2013.

Sarah appealed. In *Baker v. Baker*, 469 S.W.3d 269 (Tex. App.—Houston [14th Dist.] 2015, no pet.), we affirmed the divorce judgment insofar as it granted the divorce, but reversed the judgment in part and remanded for a new trial on (1) the conservatorship of the children, (2) Sarah's claims for assault, battery, terroristic threats, infliction of emotional distress, and exemplary damages, and (3) the division of the entire community estate.

On remand, Sarah filed a demand for jury trial and paid the jury fee on July 8, 2015—more than thirty days before the trial setting as required by Texas Rule of Civil Procedure 216. Later, the court notified Sarah that her case had been assigned for trial again by Associate Judge Patterson. Immediately thereafter, on October 5, 2015, Sarah filed an "Objection to Referral of Final Trial to Associate Judge." At a status conference on November 11, the trial judge informed the parties that the trial would proceed before Associate Judge Patterson and that the case would not be submitted to a jury.

2

On January 6, 2016, the trial judge signed an "Order Denying Request for Jury Trial and Overruling Objection to Referral of Final Trial to Associate Judge" that provides in relevant part:

*History*

This case was originally tried in 2013. The parties agreed at the time [January 30, 2013, before original divorce trial] to try it to the Associate Judge, the Honorable Deborah Patterson ...

After judgment was signed on December 18, 2013, SARAH LANSDEN BAKER appealed the judgment to the 14th Court of Appeals sitting in Houston. The cause was reversed and remanded [redaction by trial court] *on two issues and affirmed in all other respects.*

*Request for Jury Trial*

Following the remand of this case for a new trial on various issues, the Petitioner [Sarah] filed a request for jury trial and paid the required jury fee. *The court deems this case in trial, inasmuch as the affirmed issues have been ruled upon.*

*Objection to Referral of Final Trial to Associate Judge*

SARAH LANSDEN BAKER [redaction by trial court] filed an objection to Referral of Final Trial to Associate Judge *long after the trial on the merits commenced*.

*Order of the Court*

The court having heard the evidence and argument of counsel, makes the following orders: *Because this matter is in trial, having been affirmed in part, it is appropriate that the remanded portion be tried by the same trier of fact and that the trial resume to the associate judge on the non-jury docket.*

IT IS ORDERED that Petitioner's request for jury trial is DENIED.

IT IS ORDERED that Petitioner's objection to referral of final trial referral of final trial to Associate Judge is OVERRULED.

(emphasis added).

On February 10, 2016, Sarah filed her petition for writ of mandamus arguing that the trial judge abused her discretion by denying Sarah's constitutional right to a jury trial and by overruling her objection to the referral to the associate judge.

## ANALYSIS

### I.      Mandamus standard

To obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is, which law governs, or how to apply the law, so an appellate court reviews those matters de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

### II.     The trial court clearly abused its discretion by denying Sarah's request for a jury trial and her objection to the referral to the associate judge.

Sarah's ability to request a jury trial on remand is governed by our decision in *In re Lesikar*, 285 S.W.3d 577, 581 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). There, the judgment was reversed in part in a previous appeal and remanded for new trial on the issue of attorney's fees. The case initially was tried without a jury, but on remand, the defendant requested and paid the required fee for a jury trial. *Id*. The trial court granted a motion to strike the jury demand. *Id*. Our court held that the trial court abused its discretion and granted mandamus relief "because waiver of a jury in one trial does not affect either party's right to demand a jury in the

4

second trial after remand where the demanding party has complied with Rule 216." *Id.* at 586-87 (citing *In re Marriage of Stein*, 190 S.W.3d 73, 76 (Tex. App.—Amarillo 2005, no pet.); *Gordon v. Gordon*, 704 S.W.2d 490, 492 (Tex. App.—Corpus Christi 1986, writ dism'd); *Harding v. Harding*, 485 S.W.2d 297, 299 (Tex. Civ. App.—San Antonio 1972, no writ)).

In *Lesikar*, we followed *Harding v. Harding*, 485 S.W.2d 297, 299 (Tex. Civ. App.—San Antonio 1972, no writ), in which the appellee, like the trial court here, took the position that when there is only a *partial* remand, a prior jury waiver remains effective and cannot be retracted. The court of appeals rejected that argument, stating "we believe the better view to be that on a trial after partial remand, the right to trial by jury would not be affected by a prior jury waiver." *Id.* at 300. The court gave three reasons for adopting this view: (1) our constitutional and statutory provisions in this State have been very zealous in preserving the right of trial by jury; (2) the adoption of this view would make the Texas rule on partial remands the same as and uniform with the Texas view where the entire case has been reversed; and (3) in numerous cases involving a partial remand, the case is remanded on a number of issues and a party should not be deprived of a jury trial on these various issues merely because he waived a jury trial on the original trial. *Id.* at 300 n.3.

Similarly, *Lesikar* also involved a partial reversal and remand, yet we held that the waiver of a jury in the original trial does not preclude a party's right to demand a jury trial after a remand. 285 S.W.3d at 587. Applying *Lesikar* to this case, we hold that Sarah's waiver of a jury in the first trial did not preclude her from demanding a jury after remand for the second trial. The trial court misapplied the law in concluding otherwise.

5

Likewise, we hold that the parties' waiver of objection to the associate judge hearing the original trial, scheduled for June 5, 6, and 7, 2013, does not affect their statutory right to object to a trial by the associate judge after the case has been remanded for a partial new trial. The referral of a matter to an associate judge is governed by section 201.005 of the Family Code, which provides that a judge may refer to an associate judge any aspect of a suit over which the court has jurisdiction under Family Code Titles 1, 4, 5, or 45. Tex. Fam. Code §201.005(a) (West Supp. 2015). If the trial court refers the suit to an associate judge for trial, "[a] party must file an objection not later than the 10th day after the date the party receives notice that the associate judge will hear the trial. If an objection is filed, the referring court will hear the trial on the merits or preside at a jury trial." Tex. Fam. Code § 201.005(c) (West Supp. 2015). "If one of the parties files a timely written objection to the associate judge presiding over trial, the case shall be tried by the referring judge rather than the associate judge." *In re I.J.R.*, 05-09-00565-CV, 2011 WL 711639, at *3 (Tex. App.—Dallas Mar. 2, 2011, orig. proceeding) (mem. op.). Thus, a trial court has no discretion to overrule a timely objection to the referral.

Here, Sarah timely filed her objection immediately after she received notice that the new trial after remand had been referred to the associate judge. Upon objection, the statute prescribes that the referring trial court "will . . . preside at a jury trial." Tex. Fam. Code Ann. § 201.005(c). Accordingly, the trial judge misapplied the law by overruling Sarah's objection to the referral to the associate judge.

## III. Sarah does not have an adequate remedy by appeal.

The denial of trial by jury is reviewable by mandamus. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004). In *Lesikar*, we held that "because [the relator] stands to lose [his constitutional right to a jury trial], he does not have an adequate remedy

6

by appeal." 285 S.W.3d at 587 (citing *Rosenthal v. Ottis*, 865 S.W.2d 525, 529 (Tex. App.—Corpus Christi 1993, orig. proceeding) (stating adequate remedy by appeal does not exist for denial of jury trial)). In addition, as our sister court has explained, an appeal is particularly inadequate to remedy the denial of a jury trial in cases involving child custody issues:

> Here, the district court's error in denying Reiter's request for a jury trial could be remedied on appeal, following a bench trial and final judgment. But we conclude that appeal from a bench trial would not be adequate under the circumstances of this case. In this situation, both parties would be required to endure a trial and its attendant expenses for naught. More importantly, the child affected by the underlying case should not suffer the delay of a second trial before parental rights and obligations can be established.

*In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (citations omitted). "Justice demands a speedy resolution of child custody and child support issues." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (holding that relator had no adequate remedy by appeal for trial court's failure to enforce mandatory venue provision in child custody case).

These principles apply here because one of the issues to be tried is the conservatorship of the parties' children. We therefore conclude that appeal is not an adequate remedy for the trial court's legal error in denying Sarah's request for a jury trial and overruling her objection to the referral to the associate judge.

## CONCLUSION

For these reasons, we direct the trial court to (1) vacate its January 6, 2016 "Order Denying Request for Jury Trial and Overruling Objection to Referral of Final Trial to Associate Judge", and (2) grant Sarah's request for a jury trial and sustain Sarah's

7

objection to the referral to the associate judge.[1] We are confident that the trial court will act in accordance with this opinion. The writ will issue only if it fails to do so.

/s/    J. Brett Busby
       Justice

Panel consists of Justices Christopher, McCally, and Busby.

---

[1] Sarah also filed a "Motion Requesting Acknowledgment of and Action Upon Real Party in Interest's Failure To Answer." In light of the relief granted herein, this motion is now moot. We therefore deny the motion.