**Mandamus Relief Granted and Opinion filed September 19, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00795-CV

### IN RE CATHALEEN MONTELONGO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-48430**

## O P I N I O N

The lawyer for relator Cathaleen Montelongo timely answered the trial court's pretrial conference docket call, then waited for the court to call the case. After about thirty minutes, the lawyer notified the court coordinator and opposing counsel that he needed to go to the restroom. He had not returned when the respondent trial judge called the case four minutes later. Hearing no response for relator, the judge removed the case from the jury docket.

Relator sought mandamus relief, contending she lacks adequate appellate relief for the judge's alleged abuse of discretion. We conclude relator is entitled to

relief and order the respondent to reinstate the case on the jury docket. Tex. R. App. P. 52.8(c).

## BACKGROUND

The underlying case is a suit affecting the parent-child relationship. Relator is the maternal grandmother of the two children at issue, and real party in interest Jorge Valdez is the children's father. The children's mother is deceased. In 2015, the judge signed an agreed order granting relator possession and access to the children during specified periods.

Valdez petitioned to modify the agreed order in May 2017, asking the judge to deny relator possession and access to the children. A few days later, relator counterpetitioned for sole managing conservatorship of the children. Relator demanded a jury trial, paid the jury fee, and filed a motion to place the case on the jury docket. In May 2018, relator amended her counterpetition and sought joint managing conservatorship with Valdez. She again demanded a jury trial in her amended counterpetition.

The Honorable Judy Warne, the then-presiding judge,[1] signed a pretrial conference order in early December 2017 that set trial in September 2018. The order states in relevant part:

> This matter is set for a pre-trial conference on Aug 23, 2018 at 9:00 a.m. All counsel AND PARTIES are ordered to appear. . . .
>
> . . .
>
> **Failure of a party to appear at the pre-trial conference or comply with any provisions of this order shall constitute a waiver of that party's request for jury, and the Court shall set the matter on the**

---

[1] Judge Warne was succeeded by the Honorable Sandra Peake while this original proceeding was pending.

2

**non-jury docket in that event.**

(emphasis in original).

The events of the morning of August 23, 2018 are recounted in the petition for mandamus, the declaration of lawyer Chris Ainsworth (the lawyer who appeared for the pretrial conference on relator's behalf), and the trial court's docket sheet. We next summarize the relevant events.

Ainsworth answered the docket call at 9:00 a.m. He subsequently left the courtroom to go to a different court in the building. The petition for mandamus states he returned to the courtroom at 9:25 a.m. Ainsworth's declaration, by contrast, states he left the courtroom at 9:25 a.m. after first telling opposing counsel where he was going, then returned at 9:35 a.m. to "check up on the status." The court coordinator reportedly pointed at Ainsworth as he entered the courtroom and informed him the case had just been called. Ainsworth told the coordinator he needed to go to the restroom, to which she responded, "Hurry back." He went to the facilities on the same floor as the courtroom.

According to the docket-sheet entry for the pretrial conference, the judge called the case at 9:39 a.m., four minutes after Ainsworth informed the coordinator that he was leaving. The entry states:

> [Valdez] appeared in person and with attorney. [Relator] did not appear. Her attorney answered docket call at 9 and said he had to use the men's room. Court waited until 9:39 to call case and began [the pretrial conference]. Jury waived and case placed on non-jury docket for 9/17/18 at 9:00 a.m.

Ainsworth returned to the courtroom at 9:50 a.m. and learned the case had been placed on the non-jury docket. Relator arrived at 9:55 a.m.

Relator filed a motion for reconsideration of the removal of the case from the

3

jury docket and requested a hearing. Ainsworth called the court three times to schedule a hearing. Each time he called, the voice mail box was full, and he could not leave a message. He also emailed the court coordinator twice to schedule a hearing but received no response. Unable to obtain a hearing on her motion, relator filed her petition for mandamus in this court along with a motion to stay all proceedings in the trial court.

We issued an order staying the trial and requesting a response to the petition from Valdez. *See* Tex. R. App. P. 52.4 (court of appeals may not grant mandamus relief before response has been filed or requested). No response has been received.

While relator's petition was pending, Judge Warne ceased to hold the office as judge of the 257th District Court. We abated the case as required by Texas Rule of Appellate Procedure 7.2(b) to permit Judge Warne's successor, the Honorable Sandra Peake, to reconsider the decision regarding relator's request for relief. We initially received a letter from Judge Peake that notified us as follows:

> I have had an opportunity to review the docket and court notes in the above referenced matter.
>
> After a thorough review, I am not inclined to reconsider Judge Warne's decision to remove the case from the court's jury trial docket.

Because Judge Peake did not provide a signed order, we again abated the case. We received an order signed by Judge Peake that states:

> [T]he Court reconsidered [relator's] request for relief by reinstating the underlying case on the jury trial docket. The Court declines to change its decision to remove the case from the court's jury trial docket. The relator's request for relief is therefore DENIED.

We afforded the parties an opportunity to file supplemental briefing in response to Judge Peake's order. No such briefing has been received.

4

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## ANALYSIS

### I.     No adequate appellate remedy

The denial of trial by jury is reviewable by mandamus. *In re Baker*, 495 S.W.3d 393, 397 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). "An appeal is particularly inadequate to remedy the denial of a jury trial in cases involving child custody issues." *Id.* (quoting *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding)). The *Reiter* court noted, "[T]he child affected by the underlying case should not suffer the delay of a second trial before parental rights and obligations can be established." *Reiter*, 404 S.W.3d at 611. We hold relator has satisfied her burden to show she lacks an adequate appellate remedy.

### II.     Waiver of right to jury trial

One of our "most precious rights," the right to trial by jury occupies "a sacred place in English and American history." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). The United States and Texas Constitutions guarantee the right

to trial by jury. *See* U.S. Const. art. III, § 2 ("The trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . . ."), amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."), amend VII ("In Suits at common law . . . the right of trial by jury shall be preserved . . . ." ); Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."). The Family Code entitles a party to a jury trial on the appointment of joint managing conservators. Tex. Fam. Code Ann. § 105.002(c)(1). A party demanding a jury trial must file a written request at least 30 days before trial and pay a fee. Tex. R. Civ. P. 216(a), (b). We review the denial of a jury trial for an abuse of discretion, considering the entire record in our review. *Mercedez-Bens Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).[2]

The right to a jury trial may be waived or withdrawn by agreeing to a bench trial, failing to timely pay a jury fee, failing to timely request a jury trial, or failing to object to a bench trial despite a properly perfected request. *In re Wells Fargo Bank Minn. N.A.*, 115 S.W.3d 600, 106–07 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Additionally, a party's failure to appear for trial is deemed to waive the right to a trial by jury. Tex. R. Civ. P. 220. For purposes of Rule 220, a represented party appears for trial when the party's lawyer is present, even if the party is not personally present. *In re M.N.V.*, 216 S.W.3d 833, 835 (Tex. App.—San Antonio

---

[2] We recognize that *Mercedez-Bens Credit Corp. v. Rhyne* was an appeal from a bench trial. It is relator's burden to file with her petition (1) a certified or sworn copy of every document that is material to her claim for relief and was filed in the underlying proceeding, and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a). Real party in interest has neither stated that the record is incomplete nor supplemented the record. *See* Tex. R. App. P. 52.7(b). We therefore assume that the record filed in this original proceeding constitutes the entire record for purposes of conducting our review.

2006, no pet.).[3]

We considered the deemed waiver of a jury trial under Rule 220 in the case of *In re Harrison*, which involved a lengthy and acrimonious divorce and child-custody dispute between Cliff Harrison and Connie Harrison. *In re Harrison*, 557 S.W.3d 99, 134 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The judge ordered all parties to appear for pretrial proceedings at 8:30 a.m., with trial set to begin shortly thereafter. *Id.* at 134. Cliff, his lawyer, and the children's amicus attorney appeared by 8:30 a.m. Connie, who was proceeding pro se, did not. *Id.* The court waited until 9:00 a.m. to begin pretrial proceedings. *Id.* at 135. The judge asked the lawyers whether they had heard from Connie; each lawyer said no. *Id.* The court recessed to begin pretrial proceedings off the record. *Id.* Connie made a "late call" to the court at 9:07 a.m., but the substance of that call was not reflected in the appellate record. *Id.* The judge stated that the late call came long after the 8:30 a.m. start time. Further, Connie previously disobeyed orders to appear and was "habitually late," disregarded the pretrial order to exchange exhibits with Cliff's lawyer, and "disobeyed the Court's order to appear back in court" to exchange exhibits the previous Friday. *Id.* At 9:30 a.m., Cliff, the only party who had requested a jury trial, withdrew his request, and the judge commenced a bench trial. Opening statements began at 9:42 a.m. Cliff took the stand at 9:56 a.m. Connie appeared in the courtroom at 10:14 a.m. and announced she had filed a motion to recuse the trial judge. *Id.* The judge recessed the trial while the administrative judge considered the motion to recuse. Following the administrative judge's denial of the motion, the judge resumed trial at 1:30 p.m. Only then did Connie object to not having a jury trial. *Id.*

---

[3] We have not been asked to review the judge's order that requires the presence of both relator and her lawyer at the pretrial conference.

"Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." Tex. R. Civ. P. 220. For that reason, we focused our analysis on whether Connie's late appearance constituted a failure to appear under Rule 220. *See id.* at 136–37. We cited decisions by our sister courts concluding a party's late appearance for trial sufficed to waive a jury trial under Rule 220. *Id.* at 136 (citing *Maldonado v. Puente*, 694 S.W.2d 86, 89 (Tex. App.—San Antonio 1985, no writ) (parties and counsel appeared 40 minutes after time set for jury selection); *In re T.K.*, No. 09-99-00472-CV, 2010 WL 890657, at *4 (Tex. App.—Beaumont Mar. 11, 2010, no pet.) (mem. op.) (lawyer arrived on time, moved for continuance, and moved to withdraw; party did not arrive until four hours after jury was dismissed)).

We held that "under the unique facts of this case," including Connie's pro se status, the trial court did not abuse its discretion in deeming Connie's failure to timely appear to be a waiver of her right to a jury trial. *Harrison*, 557 S.W.3d at 136–37. We stated:

> To be sure, the trial court could have declared a mistrial once Connie appeared and objected to the bench trial. But failing to start over with a jury under these facts was not an abuse of discretion. Connie repeatedly proved herself unable or unwilling to manage her schedule or affairs in such a way as to ensure compliance with the court's orders, including orders to appear timely in court. The court was entitled to take Connie's dilatory history into account in exercising its discretion whether—and if so, for how long—to wait for Connie to appear for trial. The trial court has the authority to impose consequences for a party's failure to appear timely for trial. *See* Tex. R. Civ. P. 220. The judge, not the litigant, controls the trial court docket. In light of the surrounding circumstances, we cannot say that the trial court abused its discretion by proceeding with a bench trial.

*Id.* at 137. We cautioned that our holding was specific to the "unique facts" of the case: "Our holding should not be construed to suggest that the passage of any particular amount of time is necessary or sufficient before a trial court may deem a

party's failure to appear timely as a waiver of a jury trial." *Id.*

## III. Sanctions regarding pretrial conference

A trial court may hold a pretrial conference "to assist in the disposition of the case without undue expense or burden to the parties . . . ." Tex. R. Civ. P. 166; *see Harrison*, 557 S.W.3d at 123; *Taylor v. Taylor*, 254 S.W.3d 527, 532 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Although Rule 166 does not expressly authorize the imposition of sanctions for violations of pretrial orders, the Supreme Court of Texas has held that the power to sanction a party's violation is implicit in the rule. *Koslow's v. Mackie*, 796 S.W.2d 700, 703–04 (Tex. 1990). Imposing such sanctions "is left to the sound discretion of the trial court," and we will set aside a sanction only on a showing of a clear abuse of discretion. *Id.* at 704. Sanctions imposed under Rule 166 must be "just and appropriate." *Taylor*, 254 S.W.3d at 532.

Determining whether a sanction is just requires a two-pronged analysis. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding); *cf. Harrison*, 557 S.W.3d at 125 (applying *TransAmerican* standard to sanctions regarding pretrial conference); *Taylor*, 254 S.W.3d at 532–33 (same). First, there must be a direct relationship between the offensive conduct, the offender, and the sanction imposed. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003). The sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and it must be imposed upon the offender. *TransAmerican*, 811 S.W.2d at 917. Sanctions fail under the first prong if the party seeking sanctions can show no prejudice related to the conduct of the offending party. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). The prejudice analysis applies even if the trial court imposed sanctions sua sponte, rather than on the motion of another party. *Taylor*, 254 S.W.3d at 533 n.3. Second, the sanction must not be excessive. *TransAmerican*, 811 S.W.2d at 917. "A sanction imposed . .

9

. should be no more severe than necessary to satisfy its legitimate purposes." *Id.* Those purposes include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators. *Chrysler*, 841 S.W.2d at 849. In all but the most egregious and exceptional cases, lesser sanctions must first be tested to determine their efficacy. *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004).

The most typical sanction for a plaintiff's (or other party seeking affirmative relief) failure to appear at a pretrial conference appears to be dismissal for want of prosecution. *E.g.*, *In re S.G.*, No. 09-09-00284-CV, 2010 WL 2541919, at *2–3 (Tex. App.—Beaumont June 24, 2010, no pet.) (mem. op.); *Estate of Sookma*, No. 02-06-00934-CV, 2008 WL 2639444, at *2–3 (Tex. App.—Fort Worth July 3, 2008, no pet.) (mem. op.). That sanction is specifically authorized by Texas Rule of Civil Procedure 165a(1). Tex. R. Civ. P. 165a(1) ("A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."). Courts have sanctioned a defending party who failed to appear at a pretrial conference by entering a default judgment against that party. *E.g.*, *Koslow's*, 796 S.W.2d at 701–02; *In re Bledsoe*, 41 S.W.3d 807, 810–11 (Tex. App.—Fort Worth 2001, orig. proceeding); *Murphree v. Ziegelmair*, 937 S.W.2d 493, 494 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Masterson v. Cox*, 886 S.W.2d 436, 438–39 (Tex. App.—Houston [14th Dist.] 1994, no writ).

We have not found a case in which the trial court withdrew the case from the jury docket based on a party's failure to appear at a pretrial conference. Nor have we found a case with facts comparable to those here: the party's lawyer appeared timely for the pretrial conference and informed the court coordinator he needed to step out briefly, the judge called the case four minutes after the lawyer left the courtroom,

and the party personally appeared late rather than not appearing at all.

## IV. Abuse of discretion

### A. Relator properly demanded a jury trial

Relator was entitled to demand a jury trial on her claim for joint managing conservatorship. Tex. Fam. Code Ann. § 105.002(c)(1). She made a written demand in her original counterpetition, filed in May 2017, and paid the jury fee at that time. She made two additional jury demands: by motion in November 2017 and in her amended counterpetition in May 2018. All three written demands were made more than the required 30 days before trial. *See* Tex. R. Civ. P. 216.

### B. Withdrawal from jury docket not authorized by Rule 165a or 220

Texas Rule of Civil Procedure 165a allows dismissal for want of prosecution on the failure of any party seeking affirmative relief to appear for any hearing of which the party had notice. Tex. R. Civ. P. 165a. Putting aside the question of whether relator's lawyer's appearance suffices under Rule 165a, the rule authorizes only dismissal, not removal from the jury docket.

Unlike a party's failure to appear for trial, a party's failure to appear for a pretrial conference is not deemed a waiver of a jury trial under Texas Rule of Civil Procedure 220. Trial in *Harrison* was set to begin shortly after the 8:30 a.m. pretrial proceedings, so Connie's failure to appear for the pretrial proceedings soon morphed into a failure to appear timely for trial. *See Harrison*, 557 S.W.3d at 135. In this case, trial was not scheduled to begin until more than two weeks after the pretrial conference. Because relator did not fail to appear for trial, Rule 220 does not apply and cannot justify removal of the case from the jury docket.

### C. Sanction does not satisfy *TransAmerican* standard

We must decide, then, whether the judge's removal of the case from the jury

docket satisfies the standard for sanctions under *TransAmerican.* We conclude it does not.

The judge's order directing relator to appear for the pretrial conference is on a form order titled "PRE-TRIAL CONFERENCE ORDER." The sentence "All counsel AND PARTIES are ordered to appear" is computer printed. The case number, style of the case, and relevant dates are handwritten. The order was signed more than eight months before the pretrial conference. Nothing about the order suggests the judge tailored its substance to this case.

***No direct relationship between offensive conduct, offender, and sanction.*** It is not clear what the judge considered to be the "offensive conduct" justifying a sanction: relator's not being present in the courtroom at the time the case was called by the judge or her lawyer's briefly leaving the courtroom four minutes before the case was called by the judge (after first notifying the court coordinator where he was going).

The trial court has broad discretion to manage its docket, and a party's or lawyer's lateness may sometimes warrant a negative consequence (for example, a party's tardiness to a motion hearing may result in the court's deciding the motion by written submission instead of oral hearing). Further, a trial court would be justified in requiring strict compliance with time constraints during jury selection or after a jury has been empaneled, because a party's or lawyer's lateness would impose on the jurors' schedules in addition to the court's schedule. But the jury was not going to be picked on the day of the pretrial conference. We cannot see a relationship between relator's tardiness to a pretrial conference and withdrawal of the case from the jury docket.

The lawyer's conduct in this case bears no relationship to withdrawal of the case from the jury docket, a sanction imposed on only relator. His brief absence from

12

the courtroom cannot support a sanction against his client.

***No harm to Valdez.*** A sanction does not satisfy the *TransAmerican* standard if the other party is not prejudiced by the conduct at issue. *Chrysler*, 841 S.W.2d at 849; *Taylor*, 254 S.W.3d at 533 n.3. Nothing in the record suggests Valdez was prejudiced by relator's or her lawyer's absence from the courtroom, particularly as the lawyer had been absent for only four minutes when the judge called the case.

***Sanction is excessive.*** The record offers no explanation for relator's late appearance, because no hearing was held on her motion for reconsideration despite her lawyer's five attempts to set a hearing. There are many reasons relator could have been late, some beyond relator's control (for example, unusually heavy traffic, illness, or a family emergency). If relator was late for a reason beyond her control, we are not satisfied that any sanction would be appropriate, much less the denial of one of our "most precious rights": trial by jury.

## CONCLUSION

For these reasons, we lift the stay previously imposed, conclude relator is entitled to relief, and order the respondent to reinstate the underlying case on the jury docket. Tex. R. App. P. 52.8(c). We are confident respondent will comply with this order, so there is no need for a writ of mandamus to issue at this time. *See* Tex. R. App. P. 15 (issuance of writ by appellate court).


/s/    Charles A. Spain
Justice


Panel consists of Justices Christopher, Spain, and Poissant.

13