# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00171-CV

---

**N. R., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-0564, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

N.R. (Father) appeals from a judgment terminating his parental rights to his two-year-old child, Sean.[1]  Father argues that the associate judge erred by conducting the trial on the merits even though he objected to the referral.  We affirm.

## BACKGROUND

In March of 2022, the Department of Family and Protective Services sued Father and E.R. (Mother), seeking to terminate their parental rights over Sean.  An associate judge granted the Department temporary managing conservatorship of Sean.  The following month, the associate judge consolidated the Department's suit with a preexisting suit brought by the Office

---

[1] To protect the child's privacy, we refer to him by a pseudonym and his parents by their initials or as Mother or Father.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

of the Attorney General to adjudicate Sean's parentage and to require Father to pay child support.

In January of 2023, the Department and Mother reached a mediated settlement agreement that called for Mother to be appointed possessory conservator with visitation rights and Sean's paternal aunt and uncle to be appointed joint managing conservators. At a pretrial hearing on January 31, 2023, the district court announced that it was referring the matter back to the associate judge for trial of the case against Father.

The associate judge set the case for trial on February 22, 2023. Father appeared by counsel but was not present in person. Father's counsel stated that she had objected to the assignment of the parentage case to an associate judge and that her objection transferred when the cases were consolidated. Counsel stated that she did not want to reassert the objection but that she "can't waive that without [Father] being present." The associate judge asked if counsel knew where Father was because he had not logged on,[2] and counsel replied that Father "said he would be here." Counsel explained that Father sent her a text message the previous day asking how to attend the trial. She replied with the information and asked him whether he objected to having the trial before the associate judge. Father did not respond to the question. After reviewing Father's other messages, counsel stated that she saw "no indication . . . that he intended to not proceed today." Counsel reiterated that "unless I hear specifically directly from him . . . I'm not going to be doing that." The associate judge remarked that Father was "not here today to affirmatively stand on his objection to the Associate Judge" and that his "attorney is present and has attempted to get him to be here."

_____

[2] The case was tried via Zoom video conferencing pursuant to the governing emergency orders from the supreme court.

The associate judge ruled that Father's objection was properly before her and that Father had waived it by failing to appear in person. After the conclusion of the hearing, the associate judge signed an order finding the Department had proven a statutory predicate for termination and that termination is in Sean's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(O) (failing to comply with court order setting out steps to obtain child's return), (2) (best interest finding). The associate judge's order became the referring court's judgment by operation of law, *see id.* § 201.2041(a), and this appeal ensued.

**DISCUSSION**

Father argues in a single issue that the associate judge erred by overruling his objection and proceeding with the trial.

The Family Code permits a judge to refer certain matters, including a suit affecting the parent-child relationship, to an associate judge for trial. *Id.* § 201.005(a). "Unless a party files a written objection to the associate judge hearing a trial on the merits, the judge may refer the trial to the associate judge." *Id.* § 201.005(b). "A party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial not later than the 10th day after the date the party receives notice that the associate judge will hear the trial." *Id.* § 201.005(c). "If an objection is filed, the referring court shall hear the trial on the merits or preside at a jury trial." *Id.* A trial court abuses its discretion by overruling a timely objection and proceeding with a trial on the merits. *See In re Baker*, 495 S.W.3d 393, 397 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

The parties join issue over whether Father's objection was timely. Father argues that the motion was properly before the associate judge because she ruled on it and there is

nothing in the record to rebut this.[3]  The Department responds that Father failed to provide a record adequate to show error because the objection is not in the record.  In the alternative, the Department argues that Section 201.005 required Father to object within ten days of the January 31, 2023 hearing and that he failed to do so.

We agree with the Department's first argument.  Father argues that there was "nothing presented to the [trial] court suggesting [his] objection was not timely filed," but he bore the initial burden to show the objection was timely.  *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Person v. MC-Simpsonville, SC-1-UT, LLC*, No. 03-20-00560-CV, 2021 WL 3816332, at *2 (Tex. App.—Austin Aug. 27, 2021, no pet.) (mem. op.) (same).  The record does not include the text of the objection or indicate when it was filed.  On this record, we cannot determine whether Father timely filed a written objection to the assignment of the case to an associate judge.  *See Baker*, 495 S.W.3d at 397 ("If one of the parties files a timely written objection to the associate judge presiding over trial, the case shall be tried by the referring judge rather than the associate judge.").  We conclude that Father has not shown that the associate judge abused her discretion by proceeding to trial and we overrule Father's sole issue.

---

[3]  In overruling Father's objection, the associate judge referenced a line of cases holding that a litigant who "has perfected its right to a jury trial in accordance with Rule 216 but the trial court proceeds to trial without a jury, the party must, to preserve error, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial." *See E.E. v. Texas Dep't of Fam. & Protective Servs.*, 598 S.W.3d 389, 398 (Tex. App.—Austin 2020, no pet.).  Father argues that this was error because he appeared through counsel.  We express no opinion on whether those cases are applicable in this context because we conclude that Father failed to provide a sufficient record to demonstrate the associate judge erred by overruling his objection. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**CONCLUSION**

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   July 21, 2023