# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00124-CV

**In re Peter Laurie**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Peter Laurie has filed a petition for writ of mandamus complaining of the trial court's February 1, 2024 order overruling as untimely Laurie's objection to the referral of the underlying modification suit to an associate judge. We conditionally grant the writ. *See* Tex. R. App. P. 52.8(a).

## BACKGROUND

On October 19, 2023, real party in interest the Office of the Attorney General of Texas (OAG) filed the underlying suit for modification of support order and motion to confirm support arrearage against Laurie. On the same day, the district court signed an "ORDER SETTING COURT PROCEEDING." The order stated that "[t]he Court sets the above-styled and numbered cause for a court proceeding before **this** Court" (emphasis added) and provided the date, time, and physical location of the proceeding, including the address and courtroom number, but did not specify the nature of the proceeding or identify the judge who would preside, whether by name or title. The order was styled in the 250th District Court and was signed by a district judge.

The order did not specify that the matter had been referred to an associate judge. On November 27, 2023, Laurie filed an answer in which he objected to any assignment to a visiting judge but did not mention referral to an associate judge.

On December 5, 2023, the hearing noticed in the October 19 order was held before an associate judge, but the matter was continued without entry of an order to allow the parties time to conduct discovery. The following day, December 6, 2023, Laurie filed his objection to the referral of the matter to the associate judge "on the grounds that [Laurie] was not given notice of the referral of this matter as required by" Section 201.005 of the Texas Family Code, and stating that Laurie "did not know that this matter was referred to [the associate judge] until [he] appeared at the December 5, 2023 hearing and thus did not have time to object."

On December 8, 2023, while Laurie's objection was pending, the associate judge entered an order resetting the matter for February 20, 2024. On December 12, 2023, the OAG responded to Laurie's objection to the referral, arguing that it was untimely under Section 201.005 of the Texas Family Code because it was not filed within 10 days after Laurie was served with the notice of the suit and court proceeding.

On January 31, 2024, Laurie's objection was heard by the respondent district court, which signed an order the following day overruling the objection, expressly citing the "lack of timeliness thereof." This original proceeding followed.

**ANALYSIS**

To be entitled to mandamus relief in a civil suit, the party seeking such relief ordinarily must establish that the ruling of the trial court constitutes a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630

2

(Tex. 2012) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam).

### *Abuse of discretion*

Section 201.005 of the Texas Family Code provides that "a judge of a court may refer to an associate judge any aspect of a suit or action, including any matter ancillary to the suit or action, over which the court has jurisdiction under" Title 5 of that code. Tex. Fam. Code. § 201.005(a). Subsection (c) provides that "[a] party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial not later than the 10th day after the date the party receives notice that the associate judge will hear the trial," *id*. § 201.005(c), and that, "[i]f an objection is filed, the referring court shall hear the trial on the merits or preside at a jury trial," *id*.

Laurie argues in effect that he did not receive notice of the referral as required by the foregoing statute prior to the December 5, 2023 hearing, and that his December 6, 2023 objection was therefore timely under the statute. As such, Laurie argues that the trial court's February 1, 2024 order overruling his objection constituted a clear abuse of discretion.

In response, the OAG argues that the October 19, 2023 order, which was served on Laurie on November 2, 2023, constituted notice of the referral to the associate judge, and that the deadline for Laurie's objection was, therefore, November 13, 2023. The OAG acknowledges that the October 19 order "did not explicitly state that the case had been referred to an associate judge,"

3

but maintains that, because the order contained language referring to various online resources, including the Travis County local rules, which provide for appointment of and referral of cases to associate judges in the county, the order sufficed to put Laurie on notice of the referral. The OAG also argues that Laurie has an adequate remedy at law, namely, the availability of de novo review by the district court.

The parties do not cite, and we are not aware of, any authority specifically addressing the requirements for notice of a referral under Section 201.005 of the Family Code, but the general framework for evaluating the effectiveness of notice is well established. Notice may be actual or constructive. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (citing *Flack v. First Nat'l Bank*, 226 S.W.2d 628, 631 (Tex. 1950)). Actual notice generally results from personal information actually known to a person but may also include facts that a reasonably diligent inquiry would have disclosed, sometimes called "inquiry notice." *Id*. Constructive notice is notice the law imputes to a person not having personal information or knowledge. *Id*. Applying these standards to the present case, Laurie's objection may be deemed untimely if a reasonably diligent inquiry would have apprised Laurie of the referral, or if knowledge of the referral may be imputed to Laurie by law.

### Actual notice

As to actual notice, the October 19, 2023 order contained at least two deficiencies that rendered it ineffective in providing Laurie with notice. The order stated, in relevant part, that "the Court sets the above-styled and numbered cause for a court proceeding before this Court." First, the term "court proceeding" is insufficiently specific to apprise an ordinary reader of the nature of the proceeding for purposes of determining whether it was a trial on the merits and

4

therefore subject to objection. Section 201.005 of the Texas Family Code explicitly governs the time frame for objecting to "an associate judge hearing a trial on the merits," where "trial on the merits" is defined as "any final adjudication from which an appeal may be taken to a court of appeals." Tex. Fam. Code § 201.005(b)-(c). Thus, facially, it is not clear from the order that the "court proceeding" in question was to be a trial on the merits within the meaning of the statute, such that Laurie would or should have known that the 10-day period for objecting was triggered. *See id*. at § 201.005(c) (providing that party has 10 days to object after receiving "notice that the associate judge will hear the trial").

Second, the order states that the proceeding will be "before this Court." Although the latter phrase can be understood to denote any of the judicial officers authorized to preside over proceedings in the district, it is also reasonably susceptible to the interpretation Laurie claims to have given it—that the district judge who signed the order would preside over the noticed proceeding. Furthermore, Laurie's interpretation has additional weight given that the order did not include any language expressly stating that the matter had been referred to an associate judge nor any language referencing the applicable local rules governing referrals. That ambiguity is fatal to the proposition that the order provided Laurie with effective notice of the referral.

The OAG cites *Champlin Oil & Refining Co. v. Chastain* for the proposition that notice is effective when a person "knows where to find the relevant information but failed to seek it out." 403 S.W.2d 376, 388 (Tex. 1965). Under the facts of this case, however, we cannot conclude that Laurie's conduct constituted a failure to seek out the relevant information or, in *Champion Oil*'s phrasing, to make "a reasonably diligent inquiry." *Id*. at 389 (quoting *Woodward v. Ortiz*, 237 S.W.2d 286 (Tex. 1951)). The implication of the OAG's reasoning seems to be that Laurie should have (1) inferred that the noticed "court proceeding" was a "trial on the merits"

5

within the meaning of Section 201.005 of the Texas Family Code, (2) noted that the suit was brought pursuant to Chapter 231 of the Texas Family Code, (3) consulted the local rules concerning referrals to associate judges; (4) realized that an action under Chapter 231 was subject to referral by reason of arising under Title 5 of that code, and (5) concluded that the proceeding was automatically referred to an as-yet unnamed associate judge by operation of the local rules, giving him 10 days to object. While the local rules might be sufficient to apprise Laurie that the matter *could* be referred to an associate judge, the language of the order fails to sufficiently apprise him that the noticed hearing would constitute a "trial on the merits" and that, in fact, it *would* be heard by an associate judge.

### *Constructive notice*

As to constructive notice, the OAG argues that Laurie "had constructive notice of the associate judge referral" because "Travis County maintains publicly available local rules that expressly inform litigants that all cases arising under Title 5 of the Texas Family Code have been referred to associate judges." In support of this proposition, OAG cites Chapter 22 of the Travis County Local Rules of Civil Procedure and Rules of Decorum, which provides that, "[p]ursuant to statute, the District Courts have appointed Associate Judges to hear certain matters specified by these Local Rules and by these Local Rules do refer these matters to the Associate Judges." Travis Cnty. Loc. R. 22.1. Those rules further provide that "[a]n Associate Judge may hear all matters relating to suits over which the District Courts have jurisdiction under [Title 5 of the Texas Family Code]." *Id*. R. 22.2. The OAG reasons that, because its suit against Laurie arose under Title 5 of the Texas Family Code, the above-quoted rules were sufficient to put Laurie on notice of the referral. We disagree.

6

The OAG is correct that litigants are generally charged with knowledge of all local rules applicable to their case. *See Mata v. Capitol Wright Distrib., LLC*, No. 03-18-00282-CV, 2019 WL 1646263, at *2 (Tex. App.—Austin Apr. 17, 2019, no pet.) (mem. op.). The OAG argues in essence that the above-quoted language from the local rules sufficed to effect the automatic and continuing referral of all Title 5 cases to the associate judges, such that notice of pending litigation under that title alone (or in conjunction with imputed notice of those local rules) constitutes the notice required by statute. This interpretation of the local rules is undermined by the rules themselves, however, which provide elsewhere that the 10-day deadline for objection runs "from receipt of a notice of setting on the Family docket; … or … from receipt of notice that *a judge* referred a *specific case* to an Associate Judge for a trial on the merits." Travis Cnty. Loc. R. 22.3 (emphasis added). Thus, to conclude that the rules themselves constitute a kind of standing general referral, we would have to disregard the language in Rule 22.3 indicating that parties should receive notice when their case is set on the family docket or when a judge has referred their specific case to an associate judge.

### Inadequate remedy at law

Finally, the OAG argues that the availability of de novo review provides Laurie an adequate remedy, thus negating the second criterion for mandamus review. We disagree. As the Supreme Court of Texas has long held and frequently reaffirmed, mandamus is appropriate where "[a] trial court . . . fails to properly apply a statutory requirement . . . because courts have no discretion in determining what the law is or applying the law to the facts." *In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) (orig. proceeding) (*quoting Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (internal quotation marks omitted)). Here, the statute in

question provides that, "[i]f an objection is filed, the referring court *shall* hear the trial on the merits or preside at a jury trial." Tex. Fam. Code § 201.005 (emphasis added). In turn, our Code Construction Act provides that the term "shall," when it appears in statute, "imposes a duty." Tex. Gov't Code § 311.016(2). Thus, we agree with the reasoning of the Fourteenth Court of Appeals, which has held that a trial court "has no discretion to overrule a timely objection to the referral" to an associate judge under the Family Code and conditionally granted a petition for writ of mandamus to review such an action by the trial court. *In re Baker*, 495 S.W.3d 393, 397 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

## CONCLUSION

We conclude that the trial court lacked discretion to overrule as untimely Laurie's objection to the referral to the associate judge because the October 19, 2023 order did not suffice to provide Laurie actual or constructive notice of the referral. Accordingly, we conditionally grant Laurie's petition for writ of mandamus. The writ will issue only if the trial court fails to vacate its February 1, 2024 order overruling the objection.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: May 31, 2024

8